IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

KINI COSMA,

              Plaintiff,

       v.

LIVING FAITH FELLOWSHIP, TIM KEE,
ROBIN LEE, KLAMATH COUNTY SHERIFF'S
DEPARTMENT, DOES 1-100

              Defendants.

Case No. 1:12-CV-1767-CL

**REPORT &
RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff Kini Cosma has filed an application to proceed in forma pauperis (#1) in this

matter. For the reasons set forth below, plaintiff's complaint should be dismissed, without

service of process, on the basis that plaintiff's action fails to state a claim for relief. *See* 28

U.S.C. § 1915(e)(2).

**STANDARDS**

28 U.S.C. § 1915(e)(2) provides that, where a case is filed in forma pauperis, "the court

shall dismiss the case at any time" if the court determines that the action is frivolous, it fails to

state a claim on which relief may be granted, or a defendant is immune from an award of

monetary relief. *See* Lopez v. Smith, 203 F.3d 1122, 1124, 1130 (9th Cir. 2000) (en banc); Neitzke v. Williams, 490 U.S. 319, 324 (1989) [former § 1915(d)].

A complaint must state a short and plain statement of the claim, Fed. R. Civ. P. 8(a), and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (*citing* Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

Complaint allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and complaints by pro se plaintiffs are liberally construed, Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

## DISCUSSION

Plaintiff's complaint is difficult to read. She names as defendants the Klamath County Sheriff's Department, a church in Klamath Falls, Oregon called Living Faith Fellowship, two named individuals, Tim Kee and Robin Lee, and 100 unnamed individuals ("Does 1-100"). Her

pleadings also allege misconduct on the part of the "City of Napa police department in the State of California." It is unclear what actions each of these defendants have taken to harm the plaintiff. Instead, plaintiff's complaint includes a wide variety of vague, conclusory accusations, such as arbitrary arrests, torture, confiscation of real and personal property, financial exploitation, "failing to use the income of an adult effectively for the benefit of the adult," "threating significant physical or emotional harm through the use of derogatory or inappropriate names," and "gestured communication."

Some of her allegations are more specific, but also incoherent. In one instance she claims that defendants Tim Kee and representatives of Living Faith Fellowship "intruded by posing a significant risk to the peace, health, and safety of plaintiff." In another, she claims, "Defendants intend to cause physical abuse and injury caused by other than accidental means appearing to be at variance with explanations given by plaintiff; willful infliction of physical pain or injury; physical abuse; presumed to cause pain, even if not expressed."

It appears the plaintiff's main grievance has to do with an incident surrounding her therapeutic and companion Mustang horses. She apparently practices hoof trimming, and while it is unclear whether this is a business or a hobby, it is clear that the horses are important to her as both mental and emotional support. In relation to this, plaintiff claims that "defendants placed undue burdens with significant difficulty and expense in determining factors to be considered by denying her access to her livestock, locking her out of [her] livestock area, and threatening to charge her for trespassing."

The court is unable to discern a cognizable claim upon which relief can be granted, but it is not absolutely clear that no amendment could cure the deficiencies in the complaint. Plaintiff's action should be dismissed under 28 U.S.C. § 1915(e)(2)(B) on the grounds that it fails to state a

plausible claim for relief. If plaintiff's action is dismissed and she is given leave to amend her complaint, plaintiff should be ordered to draft a complaint with a short and concise statement of her claim or claims against defendants in compliance with Rule 8(a) which would allow the court and the defendants to determine the basis of plaintiff's claims.

The court also notes that the plaintiff's application to proceed in forma pauperis (#1) is insufficient. It is completely blank, save for the second section, which asks for an employer's name and address. In the space below, plaintiff simply wrote "SSI." There is no indication of plaintiff's wages, income, or other assets, and no indication of why she is unable to pay the costs of these proceedings. Because the court recommends that her complaint be dismissed, her application to proceed in forma pauperis is moot. However, should plaintiff amend her complaint, she should be directed to complete a new application, or pay the requisite filing fee.

## RECOMMENDATION

For the reasons stated above, it is recommended that the plaintiff's action be dismissed. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. *See* FED. R. CIV. P. 72, 6.

DATED this _____ day of October, 2012.

_____

MARK D. CLARKE
United States Magistrate Judge